IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNA R. BURDGE,** | : | **Civil No. 1:22-CV-549** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is Defendant United States of America's motion to dismiss the complaint for lack of subject matter jurisdiction. (Doc. 4.) For the reasons set forth below, the motion will be granted.

## I.   BACKGROUND

On November 13, 2020, at approximately 1:18 p.m., Burdge was involved in a motor vehicle accident when Brittany Weiland, an employee of the United States Postal Service ("USPS"), ran through a stop sign and caused a broad-side collision with Burdge's vehicle. (Doc. 1-2 ¶¶ 3, 6, 10, 11.) At the time of the accident, Weiland provided the investigating police officer with information about her personal automobile insurance policy, issued by Erie Insurance Company. (Doc. 11 at 1.) Erie paid Burdge's claim for property damage in full but did not settle her personal injury claim. (*Id.*)

1

On December 1, 2020, a tort claims coordinator for the USPS issued a letter to Burdge, instructing her to file a Standard Form-95 ("SF-95") with the USPS to receive proper consideration of claims for personal injury damages. (*Id*. at 2, 12–13.) Burdge's attorney responded on December 15, 2020, and inquired about the purpose of the December 1 letter, given that Erie was handling Burdge's claims. (*Id.* at 14.) On December 21, 2020, the coordinator acknowledged receipt of the correspondence and stated:

> [Y]our correspondence will be given careful consideration by the United States Postal Service, and you will be advised regarding the outcome of the matter. On December 1, 2020, [Burdge] received a claim and letter of instructions for completion of this claim form. If Erie Insurance Company will be completing this form or signing on behalf of your claimant they must also attach a copy of their Power of Attorney thereto; as stated in the letter of instructions.

(*Id.*) Over one year later, Burdge submitted an SF-95 to the USPS on April 27, 2022. (*Id.* at 16–18.)

On February 14, 2022, Burdge initiated this action by filing a negligence claim against Weiland in the Court of Common Pleas of Juniata County. (Doc. 1-2.) Burdge seeks $50,000 in compensation for emotional and physical harm, medical expenses, and lost earnings. (*Id.* ¶¶ 13–18.) The United States removed the case to this court and substituted itself for Weiland pursuant to the Federal Tort Claims Act ("FTCA"), certifying that, at the time of the incident, Weiland was acting within the scope of her employment with the USPS. (Docs. 1, 2.)

The United States has filed a motion to dismiss the complaint for lack of jurisdiction. (Doc. 4.) The motion has been fully briefed and is ripe for review.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction over the dispute before it. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). Because a Rule 12(b)(1) motion based on the plaintiff's failure to exhaust administrative remedies is a factual rather than a facial attack on the complaint, the court is entitled to "consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Id.* (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also Medina v. City of Philadelphia*, 219 F. App'x 169, 172 (3d Cir. 2007). The plaintiff has the burden to establish that a proper administrative claim has been filed. *See Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1195 (3d Cir. 1989).

## III.   DISCUSSION

The United States' motion asserts that the court lacks subject matter jurisdiction over this matter because Burdge failed to exhaust her administrative remedies prior to filing the complaint, as required by the FTCA. *See* 28 U.S.C. § 2675, *et seq.* The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or

death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [or her] office or employment." 28 U.S.C. § 1346(b)(1). FTCA claimants are subject to the statute of limitations and are required to exhaust all available administrative remedies before initiating an action. 28 U.S.C. § 2675(a); *see also* § 2401(b) (requiring that the claim be presented to the appropriate federal agency within two years of its accrual and that the action be filed within six months of the agency's final denial of the claim). Because the FTCA provides a "limited waiver of the United States' sovereign immunity" from civil causes of action, the requirements of administrative exhaustion are "jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (requiring "strict construction of the [FTCA's] limited waiver of sovereign immunity"); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).

To exhaust administrative remedies, the plaintiff must first present her claim to the appropriate federal agency and then receive a final denial from the agency in writing. 28 U.S.C. § 2675(a). If the agency fails to make a final disposition within six months after a plaintiff has filed a claim, the claim will be deemed a final denial. *Id*. In presenting the claim, the plaintiff must provide the agency (1) an executed SF-95 or other written notice of the claim sufficient to enable the agency to investigate, and (2) the value of the claim in a sum certain. *See* 28 C.F.R. § 14.2; *White-Squire*, 592 F.3d at 457; *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982).

4

Here, the United States' motion demonstrates that Burdge failed to exhaust her administrative remedies because she did not adequately present her claim to the USPS before filing this action. While Burdge contends that the December 2020 correspondence between her attorney and the USPS satisfies the exhaustion requirement, and that the agency's correspondence and actions constitute a waiver of the requirement, neither argument is persuasive. Even if the December 15 letter did provide adequate notice to the USPS of Burdge's claim, it failed to include any mention of money damages, much less a sum certain. (*See* Doc. 11 at 14.) *See White-Squire*, 592 F.3d at 460 (holding that failure to submit a sum certain amount for injuries arising from the accident did not satisfy the exhaustion requirements). Moreover, as discussed above, the exhaustion requirement is jurisdictional in nature and cannot be waived, and the law is clear that Burdge's belated filing of the SF-95, approximately two months after initiating this action, cannot cure her failure to exhaust. *See McNeil v. United States*, 508 U.S. 106, 112-13 (1993) (affirming dismissal of an FTCA claim where the plaintiff commenced her lawsuit before receiving a final denial of her administrative claim and noting that strict adherence to the statute's exhaustion requirements provides the "best guarantee of evenhanded administration of the law") (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). Therefore, because Burdge failed to exhaust her administrative remedies as

required by the FTCA, the court lacks subject matter jurisdiction over this matter and the complaint must be dismissed.

## IV.    **CONCLUSION**

For the reasons stated above, the United States' motion to dismiss for lack of subject matter jurisdiction will be granted and the complaint will be dismissed.


Dated: November 21, 2022

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge
